UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARI BATY,

                Plaintiff,                Case No. 14-14669

v                                          Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER**

      Magistrate Judge Patricia T. Morris authored a Report and Recommendation addressing Plaintiff Shari Baty's motion for summary judgment and Defendant commissioner of social security's motion for summary judgment. ECF Nos. 21, 23. In the report and recommendation, Judge Morris recommends denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. ECF No. 24. Plaintiff timely filed objections. ECF No. 52.

      Pursuant to a de novo review of the record, Plaintiff Baty's objections will be overruled and the report and recommendation will be adopted. Plaintiff's motion for summary judgment will be denied, Defendant's motion for summary judgment will be granted, and Plaintiff's claims will be dismissed with prejudice.

**I.**

The Magistrate Judge summarized the relevant background of this case in her February 2016 report and recommendation. For this reason, and because neither party has objected to this summary, it is adopted in full.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections,

"[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). Plaintiff Baty now raises three objections to the Magistrate Judge's report and recommendation.

**A.**

In her first objection, Baty argues that the magistrate judge erred in concluding that substantial evidence supported the ALJ's determination at step-five. Specifically, Baty argues that the magistrate judge erred in determining that the ALJ improperly considered jobs in the national economy that require low end, semi-skilled work after concluding that Baty could only perform sedentary unskilled work. Baty further argues that the Vocational Expert's ("VE") testimony was insufficient to establish that Baty could perform work as an appointment clerk, which is normally semi-skilled.

As already explained by the Magistrate Judge in her report and recommendation, the VE explained that he included the position of appointment clerk because there were entry-level positions that a hypothetical individual limited to sedentary unskilled work could perform. "[T]he ALJ and consulting VEs are not bound by the [DOT] in making disability determinations because the Social Security regulations do not obligate them to rely on the [DOT's]

classifications." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003). Instead, if there is a conflict, the ALJ may consider that the DOT merely contains general information about most occupations and not the full range of requirements for all jobs in the economy. SSR 00–4p, 2000 WL 1898704 at *2 (Dec. 4, 2000). Because the VE gave a reasoned explanation for his departure from the DOT, the ALJ did not err in evaluating his testimony. *Id*. at *3-4; *See also* TR. 84-86. Baty's first objection will be overruled.

**B.**

Baty next objects to the Magistrate Judge's determination that the VE's failure to provide DOT numbers for the relevant positions was harmless. In her report, the magistrate judge first found that was no legal basis for remanding the case for a mere failure to provide DOT numbers, without more. The Magistrate Judge distinguished *Teverbaugh v. Commissioner of Social Security*, 258 F.Supp. 2d. 702, 205 (E.D. Mich.) in which a failure to provide DOT numbers was a secondary issue that exacerbated the ALJ's failure to ask the VE if her testimony conflicted with the DOT. The Magistrate Judge determined that *Teverbaugh* and other similar cases were not relevant, since here the ALJ specifically asked whether the VE's testimony was consistent with the DOT, and the VE provided an explanation for the inconsistencies. Further, the Magistrate pointed out that there is only one readily available job for the occupations of surveillance system monitor and appointment clerk.

The Magistrate Judge found *Owens v. Commissioner of Social Security*, 2015 WL 1129893 (E.D. Mich. Mar. 12, 2015) to be more relevant. In *Owens*, the Magistrate Judge explained, the Court rejected a challenge based on an omission of specific DOT codes on the grounds that the plaintiff's counsel had the opportunity to raise the issue at the administrative hearing and did not do so. Thus the VE gave a reasonable explanation for any inconsistencies

between his testimony and the DOT, and the plaintiff had not identified any actual error or prejudice as a result of the omission.

Baty now objects to the comparison with *Owens* on the grounds that her present counsel was not present at the administrative hearing, and her former counsel who was present at the hearing was removed by this court. Baty had the opportunity to challenge her former counsel's representation at the administrative hearing in her motion for summary judgment, but did not do so. Instead, she raises the issue for the first time in her objections. Issues raised for the first time in an objection to a report and recommendation are deemed waived. *See U.S. v. Waters,* 158 F.3d 933, 936 (6th Cir.1998). Waiver aside, as noted by the Government, Plaintiff's former counsel was removed for representative issues that took place specifically in this Court, not before the ALJ.

More importantly, as noted by the Magistrate Judge, Baty has not demonstrated any actual error or prejudice resulting from the admission of DOT numbers. Baty's claim that the omission resulted in an inability to review the actual jobs requirements and duties is both disingenuous and unpersuasive, especially considering the DOT contains only one listed position for both surveillance system monitor and appointment clerk. *See* DOT 379.367-010, 1991 WL 673244; DOT 237.367-010, 1991 WL 672185. Because Baty has not demonstrated any error or prejudice from the failure to provide DOT numbers, her second objection will be overruled.

**C.**

In her third and final objection, Baty objects to the Magistrate Judge's conclusion that the ALJ did not err by failing to include the source of the VE's job availability numbers in her report. Specifically, Baty objects to the Magistrate Judge's determination that Baty cannot now complain that the ALJ did not question the VE about his source for available job numbers when

she herself failed to question the VE about the source of his numbers when she had the opportunity to do so at the administrative hearing. Baty again argues that this determination was improper because her former counsel who was present at the hearing was removed by this Court.

As noted above, Baty had the opportunity to challenge her former counsel's representation at the administrative hearing in her motion for summary judgment, but did not do so. Issues raised for the first time in an objection to a report and recommendation are deemed waived. *See Waters,* 158 F.3d at 936. Waiver aside Baty's former counsel was removed for representative issues that took place specifically in this Court, not before the ALJ. Because there has been no prior allegation that Baty's former counsel was ineffective at the administrative level, Baty's third objection will be overruled.

### III.

Because the ALJ reached her decision using correct legal standards and because those findings were supported by substantial evidence, the Court must affirm it, even if reasonable minds could disagree on whether the individual was disabled or substantial evidence could also support a contrary result. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2006) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

Accordingly, it is **ORDERED** that Plaintiff Baty's objections, ECF No. 25, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 24, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Baty's motion for summary judgment, ECF No. 21, is **DENIED**.

It is further **ORDERED** that Defendant Colvin's motion for summary judgment, ECF No. 23, is **GRANTED**.

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED**.

It is further **ORDERED** that the party's previously filed motions for summary judgment, ECF Nos. 10, 12, are **DENIED as moot**.

          s/Thomas L. Ludington  
          THOMAS L. LUDINGTON  
          United States District Judge

Dated: March 17, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2016.

          s/Michael A. Sian  
          MICHAEL A. SIAN, Case Manager